UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| JOHN JOSEPH OLIGA, | : | |
| JEANINE BARKER OLIGA, | : | CASE NO. 20-60681-JWC |
| | : | |
| Debtors. | : | |
| | : | |
| | : | |
| S. GREGORY HAYS, as Chapter 7 Trustee, | : | |
| | : | |
| Objector/Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| JOHN JOSEPH OLIGA and | : | |
| JEANINE BARKER OLIGA, | : | |
| | : | |
| Debtors/Respondents. | : | |
| | : | |

**TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estates of John Joseph Oliga ("**Mr. Oliga**") and Jeanine Barker Oliga ("**Mrs. Oliga**" and collectively with Mr. Oliga, the "**Debtors**"), under Rule 4003(b) of the Federal Rules of Bankruptcy Procedure, and files *Trustee's Objection to Claimed Exemptions* (the "**Objection**"), respectfully showing the Court as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

1

## Background

### *a. Procedural Background*

2. Debtors initiated this case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on January 10, 2020 (the "**Petition Date**").

3. Upon information and belief, the Debtors were married on the Petition Date.

4. Trustee was appointed and remains the duly acting Chapter 7 trustee in this case.

5. The Section 341 Meeting in this case was originally scheduled for and held on February 6, 2020, and was then continued to March 17, 2020 for the production of additional documents and information. Due to various issues related to the COVID-19 Outbreak, the Section 341 Meeting was again continued to April 21, 2020, after which Trustee concluded it.

6. In response to Question No. 27 of their Statement of Financial Affairs, Debtors indicated that they were members of J&J Oliga Investors, LLC ("**J&J Oliga Investors**") from December 6, 2016 through October 2, 2019. [Doc. No. 10 at page 11 of 61]. Although Debtors did not schedule their ownership interest in J&J Oliga Investors on their Schedule A/B, upon information and belief, Debtors owned 100% of J&J Oliga Investors on the Petition Date.

7. In addition, on their Schedule A/B: Property, Debtors scheduled the ownership of Mr. Oliga in a certain self-directed IRA (the "**Self-Directed IRA**") with a value of $728,914.00. [Doc. No. 10 at page 25 of 61]. At their Section 341 Meeting, Debtors testified that the Self-Directed IRA owned 100% of a Georgia limited liability company named JCO Investment Assets, LLC ("**JCO Investment**") and that JCO Investment had its own bank account at Bank of America, N.A. Trustee has also learned that the Self-Directed IRA or Mr. Oliga may own John Oliga IRA, LLC.

8. Upon information and belief, Mr. Oliga has discretionary authority in the administration of the Self-Directed IRA.

9. On their *Schedule C: the Property You Claim as Exempt*, Debtors claimed an exemption in the Self-Directed IRA in the amount of $728,914.00 under O.C.G.A. § 44-13-100, without referencing the specific subsection under which they are claiming this exemption. [Doc. No. 10 at page 27 of 61].

### c. Pre-Petition Transfers

10. Prior to the continued Section 341 Meeting, the United States Trustee requested various documents from Debtors, and Debtors shared those documents with Trustee, including copies of their personal and business bank accounts at Bank of America, N.A. and closing statements for certain closings of real properties owned by J&J Oliga Investors.

11. Through a review of the produced documents, Trustee has determined that there were numerous transfers between and amongst bank accounts owned by J&J Oliga Investors, JCO Investment, and Debtors, in their personal capacities. In addition, Trustee has discovered that on or about October 2, 2019, or a little more than three months before the Petition Date, J&J Oliga Investors closed a sale of that certain real property with a common address of 1303 Oldfield Road, Decatur, Georgia and received a payment of $102,806.72 as a result of this closing. Upon information and belief, a portion of the sale proceeds from this sale was transferred first to Debtors, in their personal capacities, and then to bank accounts owned by JCO Investments.

### d. Trustee's Continuing Investigation

12. Trustee's investigation regarding the propriety of Mr. Oliga's claimed exemption in the Self-Directed IRA is ongoing. In this regard, Trustee is still waiting for a document

3

production by Bank of America, N.A. *See* [Doc. Nos. 29 and 37].

13. Trustee intends to conduct additional discovery regarding these matters.

## Relief Requested

14. Trustee requests an order from the Court disallowing Debtors' claimed exemption in the Self-Directed IRA under O.C.G.A. § 44-13-100.

15. Trustee also requests an order disallowing any and all other exemptions claimed by Debtors to the extent that they exceed the allowable exemptions under O.C.G.A. §44-13-100(a).

## Basis for Relief

16. Although Debtors did not indicate under which subjection of O.C.G.A. § 44-13-100 they claimed an exemption in the Self-Directed IRA, O.C.G.A. § 44-13-100(a)(2.1) includes four subsections under which a debtor may exempt an interest in retirement or pension funds. Ga. Code Ann. § 44-13-100(a)(2.1) (2020).

17. Here, upon information and belief, neither Georgia nor a nonprofit corporation maintains the Self-Directed IRA, and it is not a similar private sector device, so Mr. Oliga may only exempt his interest in the Self-Directed IRA under O.C.G.A. § 44-13-100(2.1)(D), which allows an exemption in an "individual retirement account within the meaning of Title 26 U.S.C. Section 408." *See id.*

18. In turn, 26 U.S.C. § 408(e)(2) provides that if the individual, for whose benefit an individual retirement account is established, engages in a prohibited transaction (as defined by 26 U.S.C. § 4975), then such account ceases to be an individual retirement account in the year in which the prohibited transaction occurred.  26 U.S.C. § 408(e)(2) (2020).  And 26 U.S.C. § 4975 defines a prohibited transaction to include, among other things, an "exchange . . . of any property

between a plan and a disqualified person . . . ." and "lending of money or other extension of credit between a plan and a disqualified person." 26 U.S.C. § 4975(c) (2020).

19. Here, upon information and belief, Mr. Oliga and Mrs. Oliga are disqualified persons.

20. By transferring money to an account owned indirectly by the Self-Directed IRA, Debtors have participated in prohibited transactions. Consequently, the Self-Directed IRA is no longer an individual retirement account, and Mr. Oliga's exemption in the Self-Directed IRA under O.C.G.A. § 44-13-100(2.1) should be disallowed (to the extent that he makes such a claimed exemption).

21. This Objection shall be a continuing objection in anticipation of any amendments that may or may not resolve it, without the need for filing new objections.

WHEREFORE, having filed this Objection, Trustee prays that the Court sustain the Objection and that the Court grant Trustee such other and further relief as the Court deems just and proper.

Respectfully submitted this 19th day of May, 2020.

        ARNALL GOLDEN GREGORY LLP
        *Attorneys for Trustee*

        By:*/s/ Michael J. Bargar*
          Michael J. Bargar
171 17th Street, NW, Suite 2100        Georgia Bar No. 645709
Atlanta, Georgia 30363        michael.bargar@agg.com
404-873-8500

15007843v1

## CERTIFICATE OF SERVICE

This is to certify that I, Michael J. Bargar, am over the age of 18 and that I have this day served true and correct copies of the foregoing *Trustee's Objection to Claimed Exemptions* by United States first class mail, in a properly addressed envelope with adequate postage affixed thereon, to the following entities at the addresses stated:

Shawna Y. Staton
Office of the U.S. Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

John Joseph Oliga
265 Stoneleigh Dr SW
Atlanta, GA 30331-7665

Jeanine Barker Oliga
265 Stoneleigh Dr SW
Atlanta, GA 30331-7665

Fannie H. Gilliam
The Gilliam Law Center
Suite 130-590
3645 Marketplace Blvd
East Point, GA 30344

This 19th day of May, 2020.

      */s/ Michael J. Bargar*
      Michael J. Bargar
      Georgia Bar No. 645709

15007843v1