UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| JOHN JOSEPH OLIGA, | : | |
| JEANINE BARKER OLIGA, | : | CASE NO. 20-60681-JWC |
| | : | |
| Debtors. | : | |
| | : | |

**NOTICE OF PLEADING, DEADLINE TO OBJECT, AND FOR HEARING**

**PLEASE TAKE NOTICE** that on August 3, 2021, S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estates (collectively, the "**Bankruptcy Estate**") of John Joseph Oliga ("**Mr. Oliga**") and Jeanine Barker Oliga ("**Mrs. Oliga**" and collectively with Mr. Oliga, the "**Debtors**"), filed a *Motion for Order Authorizing Settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 64] (the "**Motion**") and related papers with the Court, seeking an order, among other things, approving a settlement agreement (the "**Settlement Agreement**") between Trustee, Mr. Oliga, and JCO Investment Assets, LLC ("**JCO**" and with Trustee and Mr. Oliga, the "**Parties**") related to a certain claimed Exemption[1] in a certain Self-Directed IRA. More specifically, under the terms of the Settlement Agreement, *inter alia*,[2] within five (5) business days of the Settlement Approval Order becoming final, JCO shall transfer to Trustee the Properties with common addresses of (1) 2471 Saint Patrick Street, SE, Atlanta, Georgia 30317; and (2) 2475

---

[1]   Capitlized terms not defined in this Notice shall have the meanings ascribed to them in the Motion.

[2]   The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement controls.

16903650v1

Saint Patrick Street, SE, Atlanta, Georgia 30317 via a quitclaim deed (the "**Transfer**").  Following the Transfer, Trustee shall be free to liquidate the Properties and distribute the resulting sale proceeds (the "**Sale Proceeds**") under Section 726 of the Bankruptcy Code, subject to Bankruptcy Court approval.  Mr. Oliga and JCO waive any right to receive a distribution from the Bankruptcy Estate for or on account of the Transfer, the Exemption, or for any reason. In this regard, effective upon the Settlement Approval Order becoming final, Mr. Oliga waives any and all obligations that the Bankruptcy Estate may otherwise have to pay to Mr. Oliga out of the Sale Proceeds on account of exemptions asserted by or on behalf of Mr. Oliga, if any, in the Self-Directed IRA, the Properties, or the Sale Proceeds.  In addition, effective upon Trustee receiving the Transfer from JCO, Trustee acknowledges that Trustee does not contest Mr. Oliga's scheduled Exemption, and he shall withdraw the Objection to the same.  Finally, Trustee, on the one hand, and JCO, on the other, grant broad and general releases to one another.   The exact terms of the Settlement Agreement are set forth in Exhibit "A" to the Motion.

Pursuant to General Order No. 24-2018, the Court may consider this matter without further notice or a hearing if no party in interest files a response or objection within twenty-one (21) days from the date of service of this notice. **If you object to the relief requested in the Motion, you must timely file your objection with the Bankruptcy Clerk** at: Bankruptcy Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303, and serve a copy on the Trustee's attorney, Michael J. Bargar, Arnall Golden Gregory LLP, 171 17th Street, NW, Suite 2100, Atlanta, Georgia 30363, and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

16903650v1

A hearing on the Motion has been scheduled for **September 9, 2021 at 11:00 a.m.**, in **Courtroom 1203**, United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia. If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice or hearing** provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the hearing, the hearing will be held at the time and place as scheduled.

*Given the current public health crisis, <u>hearings may be telephonic only</u>. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website prior to the hearing for instructions on whether to appear in person or by phone."* In addition, please carefully read Judge Cavender's "In-Person Appearances in Judge Cavender's Courtroom" as found at *https://ganb.uscourts.gov/content/honorable-jeffery-w-cavender* or *https://ganb.uscourts.gov/sites/default/files/jwc-inperson_appearances_.pdf*.

<u>**Your rights may be affected.**</u> **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

Dated:  August 3, 2021.

                                          ARNALL GOLDEN GREGORY LLP
                                          *Attorneys for Trustee*

                                          By:   */s/ Michael J. Bargar*
171 17th Street, NW, Suite 2100         Michael J. Bargar
Atlanta, GA 30363                          Georgia Bar No. 645709
404.873-7031                                   michael.bargar@agg.com

16903650v1