UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 20-60681-JWC |
| | ) | |
| JOHN JOSEPH OLIGA and | ) | CHAPTER 7 |
| JEANINE BARKER OLIGA, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| S. GREGORY HAYS, Trustee for the | ) | |
| Bankruptcy Estates of John Joseph Oliga and | ) | |
| Jeanine Barker Oliga, | ) | |
| | ) | |
| Movant, | ) | CONTESTED MATTER |
| | ) | |
| V. | ) | |
| | ) | |
| DEKALB COUNTY TAX COMMISSIONER, | ) | |
| JOHN JOSEPH OLIGA and | ) | |
| JEANINE BARKER OLIGA, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MOTION FOR AUTHORITY TO (I) SELL AT PUBLIC AUCTION PROPERTY OF THE BANKRUPTCY ESTATE FREE AND CLEAR OF LIENS, INTERESTS, AND ENCUMBRANCES AND (II) DISBURSE CERTAIN PROCEEDS AT CLOSING**

COMES NOW S. Gregory Hays, as the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estates of John Joseph Oliga ("**Mr. Oliga**") and Jeanine Barker Oliga (together with Mr. Oliga, the "**Debtors**") and files this *Motion for Authority to (I) Sell at Public Auction Property of the Bankruptcy Estate Free and Clear of All Liens, Interests, and Encumbrances and (II) Disburse Certain Proceeds at Closing* (the "**Sale Motion**"), pursuant to 11 U.S.C. §§ 363(b) and (f) and Fed. R. Bankr. P. 2002(a)(2), 6004(a), 6004(c) and 9014, other than in the ordinary course of business, and respectfully shows the Court as follows:

18281762v1

## Jurisdiction

1. This Court has jurisdiction to hear this Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Sale Motion presents a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. Debtors filed a voluntary petition constituting an order for relief under Chapter 7 on January 10, 2020 (the "**Petition Date**"), initiating Case No. 20-60681-JWC (the "**Bankruptcy Case**").

3. On or about January 13, 2020, Trustee was appointed to the Bankruptcy Case as interim Chapter 7 trustee under 11 U.S.C. § 701(a)(1) [Doc. No. 4].

4. The original meeting of creditors was held on February 6, 2020, in accordance with 11 U.S.C. § 341(a) and concluded on April 21, 2020, after which time, the Trustee became the permanent Chapter 7 trustee, pursuant to 11 U.S.C. § 702(d).

5. At the commencement of the Bankruptcy Case, the bankruptcy estates were created under 11 U.S.C. § 541(a) (collectively, the "**Bankruptcy Estate**"), and the Bankruptcy Estate includes all Debtors' legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the Bankruptcy Estate acquired after commencement of the Bankruptcy Case. 11 U.S.C. § 541(a)(1) and (7).

6. Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323(a).

7. The duties of Trustee include his obligation to "collect and reduce to money the property of the estate." 11 U.S.C. § 704(1).

8. On March 30, 2020, Trustee filed his *Application to Appoint Attorney for Trustee* [Doc. No. 21], and on March 31, 2020, the Court entered an *Order* [Doc. No. 22] authorizing the

appointment of Arnall Golden Gregory LLP as attorneys for Trustee, subject to objection.

### *a. The Properties*

9. On their Schedule A/B: Property, Debtors scheduled the ownership of Mr. Oliga in a certain self-directed IRA (the "**Self-Directed IRA**") with a value of $728,914.00. [Doc. No. 10 at page 25 of 61].

10. The Self-Directed IRA owned 100% of JCO Investment Assets, LLC ("**JCO**"), a State of Utah limited liability company.

11. JCO owned the following real properties (collectively, the "**Properties**") known generally as: (a) 2471 Saint Patrick Street, SE, Atlanta, DeKalb County, Georgia 30317 ("**2471 Saint Patrick Street**"), and (b) 2475 East Tupelo Street, SE, Atlanta, DeKalb County, Georgia Saint Patrick Street, SE, Atlanta, Georgia 30317 *f.k.a.* as 2475 Saint Patrick Street, SE, Atlanta, Georgia 30317 ("**2475 East Tupelo Street**").

### *b. Settlement Agreement between Mr. Oliga and Trustee*

12. On Debtors' *Schedule C: the Property You Claim as Exempt*, Mr. Oliga claimed an exemption in the Self-Directed IRA in the amount of $728,914.00 under O.C.G.A. § 44-13-100, without referencing the specific subsection under which they were claiming this exemption (the "**Exemption**"). [Doc. No. 10 at page 27 of 61].

13. After the Section 341 Meeting of Creditors, a review of available documents, and an investigation by Trustee, Trustee filed an objection [Doc. No. 39] (the "**Objection**") to Mr. Oliga's claimed Exemption based on various transactions between and amongst Mr. Oliga and JCO prior to the Petition Date.

14. In resolution of the Objection, Mr. Oliga, JCO, and Trustee reached a settlement agreement whereby JCO would transfer to Trustee the Properties via quitclaim deed (the

18281762v1

"**Settlement Agreement**").

15. On August 3, 2021, Trustee filed a *Motion for Order Authorizing Compromise and Settlement with Debtor under Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 64] ("**Settlement Motion**").

16. On September 3, 2021, the Court entered an *Order* [Doc. No. 67], granting the Settlement Motion and approving the Settlement Agreement.

17. On September 28, 2021, JCO executed a quitclaim deed transferring the Properties to Trustee.

18. Trustee has obtained a full title examination report for each of the Properties, dated June 3, 2022 and June 9, 2022, respectively. The Properties are unencumbered but for the Bankruptcy Estate's pro-ration of 2022 *ad valorem* real property taxes due the DeKalb County Tax Commissioner ("**DeKalb County**").[1]

**Request for Authority to Sell the Property of the Bankruptcy Estate
Free and Clear of All Liens, Interests, and Encumbrances
Pursuant to 11 U.S.C. §§ 363(b) and (f)**

19. On October 27, 2021, Trustee filed an *Application to Employ Real Estate Agent Under Listing Agreement* [Doc. No. 69] (the "**Realtor Application**"), and, on October 28, 2021, the Court entered an Order [Doc. No. 70], granting the Realtor Application and authorizing the employment of Humphries & King Realty and John V. Ball ("**Humphries & King**") as Trustee's listing agent for the Properties at a six percent (6%) commission of the selling price.

20. Trustee received no acceptable offers during the listing period. Humphries & King's listing agreement expired on April 18, 2022.

---

[1] The 2021 tax bills were paid in full on November 10, 2021 in the amounts of $2,226.34 with respect to 2471 Saint Patrick Street and $1,862.49 with respect to 2475 East Tupelo Street.

18281762v1

21. Trustee filed *Trustee's Application to Employ Auctioneer* [Doc. No. 72] on May 31, 2022 (the "**Auctioneer Application**"), and the Court entered an *Order* [Doc. No. 73] on June 1, 2022, authorizing the employment of Bullseye Auction & Appraisal, LLC ("**Bullseye**") as Trustee's auctioneer to conduct a sale by public auction, for a seven percent (7%) commission of the gross sale price for each of the Properties, plus reimbursement of any actual out-of-pocket expenses up to $500.00.

22. Trustee proposes to sell the Properties through a public auction conducted by Bullseye to the highest and best bidder. The auction is expected to occur within thirty (30) to sixty (60) days after of this Court's order approving the Sale Motion.

23. Trustee seeks authority from the Court to sell the Properties "as is" and "where is." The proposed sale of the Properties is not in the ordinary course of business, as provided by 11 U.S.C. §363(b). Trustee reserves the right to establish a minimum reserve sale price for each of the Properties.

## Legal Analysis

24. Section 363 of the Bankruptcy Code authorizes a trustee "after notice and a hearing . . . [to] use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1). Section 105 of the Bankruptcy Code grants this Court the authority to "issue any order, process, or judgment necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

25. The standard to grant a sale of property outside of the ordinary course of business is the sound business judgment of the trustee. *In re Chateaugay*, 973 F.2d 141 (2d Cir. 1992); *Stephens Indus. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *In re Abbotts Dairies of Penn., Inc.*, 788 F.2d 143 (3d Cir. 1986); *Committee of Equity Security Holders v. Lionel Corp. (In re*

*Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983). In this regard, a trustee's showing need not be exhaustive; rather, a trustee is "simply required to justify the proposed disposition with sound business reason." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). In applying this standard here, because the Properties are effectively unencumbered, their sale will result in significant funds coming into the Bankruptcy Estate, it is clear that Trustee has a sound business reason to proceed as requested.

26. In turn, Section 363(f) of the Bankruptcy Code authorizes a trustee to sell property under 11 U.S.C. § 363(b) free and clear of any interest in such property if, among other things, the price at which the property is to be sold is greater than the aggregate of the liens on such property or with respect to interests that are in dispute. 11 U.S.C. § 363(f). Specifically, that code section provides:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if-
> 
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

*Id.*

27. The proposed sale of the Properties is one not in the ordinary course of business, as provided by 11 U.S.C. § 363(b). Trustee can, under 11 U.S.C. § 363(f), sell the Properties free and clear of all liens, claims, and encumbrances with any lien (to the extent valid, perfected, enforceable, and unavoidable) attaching to the proceeds of the sale with the same priority and extent as they had in the Properties.

18281762v1

28. With the exception of *ad valorem* real property taxes, Trustee does not believe that there are any liens or encumbrances against the Properties. Therefore, Trustee respectfully requests authority from the Court to sell the Properties as provided by 11 U.S.C. §§ 363(b) and (f).

### Request for Authority to Disburse Certain Proceeds at Closing

29. Trustee moves for authority to have all gross sale proceeds paid to him at closing and for authority to have paid at closing (a) all outstanding *ad valorem* real property taxes (none anticipated), (b) the Bankruptcy Estate's 2022 pro-ration of *ad valorem* real property taxes due DeKalb County; (c) any capital gains taxes (none anticipated); and (d) all other customary closing costs and all other costs necessary to close the sale of each of the Properties. All other distributions will be pursuant to further order of this Court.

30. To the extent that funds are disbursed at closing by a party other than Trustee, such party shall be treated as Trustee's designated and authorized agent for disbursements.

31. Because the Properties are effectively unencumbered, other than inchoate, ad valorem tax liens, Trustee estimates that the proposed sales of the Properties will allow him to make a meaningful distribution to holders of unsecured claims against the Bankruptcy Estate.

### Other Relief Requested

32. In addition, Trustee expressly reserves and does not waive his right to surcharge the Properties and the proceeds thereof, to the extent it secures an allowed secured claim, for reasonable, necessary costs of preserving or disposing of the Properties to the extent of any benefit to the holders of such secured claims under 11 U.S.C. § 506(c).

33. Trustee requests that the Court waive the stay of the Order approving the proposed sale as authorized under Federal Rule of Bankruptcy Procedure 6004(h).

18281762v1

WHEREFORE, Trustee prays that the Court enter an order (a) granting the Sale Motion; (b) authorizing Trustee (i) to sell the Properties by public auction, and (ii) to disburse certain proceeds at closing; (c) waiving the fourteen (14)-day stay period pursuant to Rule 6004(h); and (d) granting such other and further relief as is just and proper.

Respectfully submitted this 14th day of June, 2022.

>ARNALL GOLDEN GREGORY, LLP
>*Attorneys for Trustee*
>
>By: */s/ Michael J. Bargar*
>       Michael J. Bargar
>       Georgia Bar No. 645709

171 17th Street, Suite 2100
Atlanta, Georgia 30363-1031
(404) 873-8500 / michael.bargar@agg.com

18281762v1

## **CERTIFICATE SERVICE**

This is to certify that I, Michael J. Bargar, am over the age of 18 and that on this day I have caused to be served a copy of the foregoing *Motion for Authority to (I) Sell at Public Auction Property of the Bankruptcy Estate Free and Clear of All Liens, Interests, and Encumbrances and (II) Disburse Certain Proceeds at Closing* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery by First Class Mail and/or Certified Mail, as indicated, to:

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

John Joseph Oliga
265 Stoneleigh Dr SW
Atlanta, GA 30331-7665

Jeanine Barker Oliga
265 Stoneleigh Dr SW
Atlanta, GA 30331-7665

Will B. Geer
Wiggam & Geer, LLC
Suite 1150
50 Hurt Plaza SE
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

Irvin J. Johnson
DeKalb County Tax Commissioner
Property Tax Division
P.O. Box 100004
Decatur, GA 30031-7004

18281762v1

Scott Kenneth Schwartz
Bullseye Auction & Appraisal, LLC
500 Pike Park Drive, Suite F
Lawrenceville, GA 30046

This 14th day of June, 2022.

/s/ *Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

18281762v1